**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

_____ District of  Delaware
                    (State)

Case number (*If known*): _____  Chapter 11

☐ Check if this is an amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy   04/25

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known).  For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

1. **Debtor's name**  Meyer Burger (Americas) Ltd.

2. **All other names debtor used in the last 8 years**
   Include any assumed names, trade names, and *doing business as* names
   
   MBT Systems Ltd
   Diamond Materials Tech Inc.

3. **Debtor's federal Employer Identification Number (EIN)**  27-0728027

4. **Debtor's address**

   **Principal place of business**
   
   1685  S. Litchfield Road
   Number    Street
   
   Goodyear       AZ    85338
   City           State  ZIP Code
   
   Maricopa
   County

   **Mailing address, if different from principal place of business**
   
   _____
   Number    Street
   
   P.O. Box
   
   _____
   City     State    ZIP Code
   
   **Location of principal assets, if different from principal place of business**
   
   _____
   Number    Street
   
   _____
   City     State    ZIP Code

5. **Debtor's website** (URL)   www.meyerburger.com/en-us/

Debtor __Meyer Burger (Americas) Ltd._____  Case number *(if known)*_____
      Name

| | | |
|---|---|---|
| 6. | **Type of debtor** | ☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))<br>☐ Partnership (excluding LLP)<br>☐ Other. Specify: _____ |
| 7. | **Describe debtor's business** | A. *Check one:*<br>☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))<br>☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))<br>☐ Railroad (as defined in 11 U.S.C. § 101(44))<br>☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))<br>☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))<br>☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))<br>☒ None of the above<br><br>B. *Check all that apply:*<br>☐ Tax-exempt entity (as described in 26 U.S.C. § 501)<br>☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)<br>☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))<br><br>C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes .<br>    3  3  3  6 |
| 8. | **Under which chapter of the Bankruptcy Code is the debtor filing?** | *Check one:*<br>☐ Chapter 7<br>☐ Chapter 9<br>☒ Chapter 11. *Check all that apply*:<br>  ☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,424,000 (amount subject to adjustment on 4/01/28 and every 3 years after that).<br>  ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).<br>  ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and it chooses to proceed under Subchapter V of Chapter 11.<br>  ☐ A plan is being filed with this petition.<br>  ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).<br>  ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.<br>  ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.<br>☐ Chapter 12 |
| 9. | **Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**<br>If more than 2 cases, attach a separate list. | ☒ No<br>☐ Yes.  District _____ When _____ Case number _____<br>                                               MM / DD / YYYY<br>        District _____ When _____ Case number _____<br>                                               MM / DD / YYYY |

Debtor   Meyer Burger (Americas) Ltd.                               Case number (*if known*)_____
        Name

| | | | |
|---|---|---|---|
| **10.** | **Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**<br><br>List all cases. If more than 1, attach a separate list. | ☐ No<br>☒ Yes.   Debtor   See Schedule 1, as attached     Relationship   See Schedule 1<br>            District   Delaware     When _____<br>                                                                                           MM / DD / YYYY<br>            Case number, if known _____ | |
| **11.** | **Why is the case filed in *this district*?** | Check all that apply:<br><br>☒ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.<br><br>☒ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district. | |
| **12.** | **Does the debtor own or have possession of any real property or personal property that needs immediate attention?** | ☒ No<br>☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.<br><br>**Why does the property need immediate attention?** (*Check all that apply.*)<br><br>☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.<br>    What is the hazard? _____<br><br>☐ It needs to be physically secured or protected from the weather.<br><br>☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).<br><br>☐ Other _____<br><br>**Where is the property?** _____<br>                                  Number     Street<br>                                _____<br>                                _____    _____ _____<br>                                City                                                 State ZIP Code<br><br>**Is the property insured?**<br>☐ No<br>☐ Yes.   Insurance agency _____<br>          Contact name _____<br>          Phone _____ | |

---

### Statistical and administrative information

| | | |
|---|---|---|
| **13.** | **Debtor's estimation of available funds** | Check one:<br>☒ Funds will be available for distribution to unsecured creditors.<br>☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors. |
| **14.** | **Estimated number of creditors**<br>(on a consolidated basis with all affiliate debtors) | ☐ 1-49            ☒ 1,000-5,000        ☐ 25,001-50,000<br>☐ 50-99           ☐ 5,001-10,000       ☐ 50,001-100,000<br>☐ 100-199        ☐ 10,001-25,000     ☐ More than 100,000<br>☐ 200-999 |

Debtor   Meyer Burger (Americas) Ltd.
         Name

Case number (if known)

**15. Estimated assets**
(on a consolidated basis with all affiliate debtors)

- ☐ $0-$50,000
- ☐ $50,001-$100,000
- ☐ $100,001-$500,000
- ☐ $500,001-$1 million
- ☐ $1,000,001-$10 million
- ☐ $10,000,001-$50 million
- ☐ $50,000,001-$100 million
- ☒ $100,000,001-$500 million
- ☐ $500,000,001-$1 billion
- ☐ $1,000,000,001-$10 billion
- ☐ $10,000,000,001-$50 billion
- ☐ More than $50 billion

**16. Estimated liabilities**
(on a consolidated basis with all affiliate debtors)

- ☐ $0-$50,000
- ☐ $50,001-$100,000
- ☐ $100,001-$500,000
- ☐ $500,001-$1 million
- ☐ $1,000,001-$10 million
- ☐ $10,000,001-$50 million
- ☐ $50,000,001-$100 million
- ☐ $100,000,001-$500 million
- ☒ $500,000,001-$1 billion
- ☐ $1,000,000,001-$10 billion
- ☐ $10,000,000,001-$50 billion
- ☐ More than $50 billion

### Request for Relief, Declaration, and Signatures

**WARNING** -- Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  06/25/2025
             MM / DD / YYYY

✗ /s/ Justin D. Pugh                              Justin D. Pugh
Signature of authorized representative of debtor  Printed name

Title  Chief Restructuring Officer

**18. Signature of attorney**

✗ /s/ Paul N. Heath                          Date  06/25/2025
Signature of attorney for debtor                   MM / DD / YYYY

Paul N. Heath
Printed name

Richards, Layton & Finger, P.A.
Firm name

920          North King Street
Number       Street

Wilmington                                   DE           19801
City                                         State        ZIP Code

(302) 651-7700                               heath@rlf.com
Contact phone                                Email address

3704                                         Delaware
Bar number                                   State

# SCHEDULE 1

**Pending Bankruptcy Cases Filed by the Debtor and Affiliates of the Debtor**

On the date hereof, each of the entities listed below (including the debtor in this chapter 11 case, collectively, the "**Debtors**") filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code in the United States Bankruptcy Court for the District of Delaware. The Debtors have moved for joint administration of their cases with the lead case number assigned to the chapter 11 case of debtor Meyer Burger (Holding) Corp.

1. Meyer Burger (Holding) Corp.
2. Meyer Burger (Arizona) LLC
3. Meyer Burger (Americas) Ltd.
4. Meyer Burger (Americas) Lease Co., LLC

# UNANIMOUS WRITTEN CONSENT OF THE
# BOARD OF DIRECTORS OF MEYER BURGER (AMERICAS) LTD.

The undersigned, being all of the members of the board of directors (the "**Board**") of Meyer Burger (Americas) Ltd., a Delaware corporation (the "**Company**"), pursuant to Section 141(f) of the General Corporation Law of the State of Delaware (the "**DGCL**") and Section 3.07 of the Amended and Restated By-laws of the Company (the "**Bylaws**"), DO HEREBY CONSENT to the adoption of, and DO HEREBY ADOPT, the following resolutions:

WHEREAS, the Company is the sole member of Meyer Burger (Americas) Lease Co., LLC (the "**Subsidiary**");

WHEREAS, in the judgment of the Board, it is desirable and in the best interests of the Company, the Subsidiary, their respective creditors, and other interested parties that a petition commencing a chapter 11 case (the "**Chapter 11 Case**") be filed by the Company and the Subsidiary seeking relief under the provisions of chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the District of Delaware (the "**Bankruptcy Court**");

WHEREAS, in the judgment of the Board, it is desirable and in the best interests of the Company, the Subsidiary, their respective creditors, and other interested parties to, in connection with the Chapter 11 Case, engage the law firm of Richards, Layton & Finger, P.A. ("**RL&F**"), as attorneys for the Company and the Subsidiary in the Chapter 11 Case, subject to any requisite Bankruptcy Court approval;

WHEREAS, in the judgment of the Board, it is desirable and in the best interests of the Company, the Subsidiary, their respective creditors, and other interested parties to, in connection with the Chapter 11 Case, engage FTI Management, Inc. ("**FTI**"), to provide the Company and the Subsidiary with certain financial restructuring and advisory services, including providing Justin D. Pugh to serve as Chief Restructuring Officer (the "**CRO**") to the Company and its affiliates that are debtors and debtors in possession, subject to any requisite Bankruptcy Court approval;

WHEREAS, in the judgment of the Board, it is desirable and in the best interests of the Company, the Subsidiary, their respective creditors, and other interested parties to, in connection with the Chapter 11 Case, engage Jefferies LLC ("**Jefferies**"), as investment banker for the Company and the Subsidiary in the Chapter 11 Case, subject to any requisite Bankruptcy Court approval; and

WHEREAS, in the judgment of the Board, it is desirable and in the best interests of the Company, the Subsidiary, their respective creditors, and other interested parties to, in connection with the Chapter 11 Case, engage Kroll

Restructuring Administration LLC ("**Kroll**"), as claims and noticing agent and administrative advisor for the Company and the Subsidiary in the Chapter 11 Case, subject to any requisite Bankruptcy Court approval; and

WHEREAS, in the judgment of the Board, debtor-in possession-financing ("**DIP Financing**") is required in order to administer the Chapter 11 Case and that entry into that certain *Debtor-in-Possession Credit Agreement* (the "**DIP Facility**") by and among the Company and the Subsidiary, as guarantor, as applicable, the administrative agent, and the DIP lenders thereunder, is desirable and in the best interests of the Company, its creditors, and other interested parties;

WHEREAS, pursuant to an amendment to the Certificate of Incorporation of the Company (the "**Certificate**") filed on April 14, 2025 (the "**Certificate Amendment**") the Company shall not take any Material Action (as defined in the Certificate Amendment), including the filing of any bankruptcy by the Company or by a direct or indirect subsidiary thereof, without (i) an Independent Director (as defined in the Certificate Amendment) serving on the board of directors of Meyer Burger (Holding) Corp. (the "**Holding Board**"), and (ii) without obtaining prior unanimous written consent of (x) the board of managers of Meyer Burger (Arizona) LLC (the "**Arizona Board**") and (y) the Holding Board, which consent shall include the consent of the Independent Director (as defined in the Certificate Amendment) of the Holding Board;

WHEREAS, the Holding Board has determined that Alexandre Zyngier and Richard Miller, members of the Holding Board, are Independent Directors, as defined in the Certificate Amendment; and

WHEREAS, the Holding Board and the Arizona Board have each authorized the Company, by unanimous written consent, to take Material Action (as defined in the Certificate Amendment) in connection with the Chapter 11 Case.

NOW THEREFORE BE IT RESOLVED, that the Company and the Subsidiary shall be, and hereby is, authorized and directed to: (a) file a voluntary petition (each, a "**Petition**") for relief under chapter 11 of the Bankruptcy Code in the Bankruptcy Court and (b) perform any and all such acts as are reasonable, advisable, expedient, convenient, proper or necessary to effect the foregoing; and it be further

RESOLVED, that Justin D. Pugh be, and hereby is, appointed as CRO of the Company and is hereby vested with any and all power and authority generally attendant to the position or CRO or otherwise deemed necessary, advisable or appropriate by him in connection with his service as CRO; and be it further

RESOLVED, that Justin D. Pugh, Alexandre Zyngier and Richard Miller (each individually, an "**Authorized Person**" and collectively, the "**Authorized Persons**") shall be, and each of them, acting alone, hereby is, authorized and

2

empowered on behalf of and in the name of the Company, on its own behalf and on behalf of the Subsidiary, to: (a) verify and execute each Petition, as well as all other ancillary documents, and file, or cause to be filed with the Bankruptcy Court, each Petition and make or cause to be made, prior to execution thereof, any modifications to each Petition or ancillary documents as any such Authorized Person, in such person's discretion, deems necessary or desirable to carry out the intent and accomplish the purposes of these resolutions (the approval of which to be conclusively established by the execution thereof by such Authorized Person); (b) verify, execute and file or cause to be filed all petitions, schedules, lists, motions, applications and other papers or documents (including authorization to incur debtor-in-possession indebtedness and to enter into debtor-in-possession loan agreements and related documents) necessary or desirable in connection with the foregoing; and (c) verify and execute or cause to be executed any and all other documents necessary or appropriate in connection therewith in such form or forms as any such Authorized Person may approve (the approval of which to be conclusively established by the execution thereof by or at the direction of such Authorized Person); and it be further

RESOLVED, that the Authorized Persons of the Company shall be, and each of them, acting alone, hereby is, authorized and empowered to retain, on behalf of the Company, on its own behalf and on behalf of the Subsidiary: (a) RL&F, as attorneys for the Company and the Subsidiary; (b) FTI, to provide the Company and the Subsidiary with certain financial restructuring and advisory services, including providing Justin D. Pugh to serve as the CRO to the Company and its affiliate that are debtors and debtors in possession; (c) Jefferies, as investment banker for the Company; (d) Kroll, as claims and noticing agent and administrative advisor for the Company and the Subsidiary; and (e) such additional professionals, including attorneys, accountants, consultants or brokers, in each case as in such person's or persons' judgment may be necessary or desirable in connection with the Chapter 11 Case and other related matters, on such terms as such person or persons shall approve; and it be further

RESOLVED, that the Company, on its own behalf and on behalf of the Subsidiary, as applicable, shall be, and hereby is, authorized to: (a) enter into, and perform its obligations under, the DIP Facility and take all actions necessary and appropriate to obtain DIP Financing according to the terms negotiated by such Authorized Person, including under one or more loan agreements, and to effectuate the foregoing, to enter into such loan agreements, documents, notes, guaranties, security agreements, mortgages, pledge agreements and all other documents, agreements or instruments related thereto (collectively, the "**Financing Transactions**") as may be deemed necessary or appropriate by such Authorized Person (such approval to be conclusively evidenced by the execution thereof or taking of such action by such Authorized Person); and (b) pay related fees and grant security interests in and liens upon, some, all or substantially all of the Company's and the Subsidiary's assets, as may be deemed necessary by any one or more of the

Authorized Persons in connection with such Financing Transactions; and it be further

RESOLVED, that the form, terms and provisions of the DIP Facility and all transactions contemplated thereby are hereby approved and authorized in all respects; and it be further

RESOLVED, that the Company, on its own behalf and on behalf of the Subsidiary, as applicable, shall be, and hereby is, authorized to (i) file a motion with the Bankruptcy Court seeking approval of bidding procedures to be used to facilitate the sale of all or substantially all of the Company's or any Subsidiary's assets, through one or more sales, pursuant to Section 363 of the Bankruptcy Code (the "**Potential Sale Transactions**") and (ii) conduct a marketing process to identify possible purchasers for the Potential Sale Transactions under the supervision of the Bankruptcy Court; and it be further

RESOLVED, that the Subsidiary is hereby authorized to take any and all Material Action (as may be defined by the governing documents of the Subsidiary, or any other agreement governing the Subsidiary) in connection with the Chapter 11 Case (including, without limitation, the filing thereof); and be it further

RESOLVED that any of the Authorized Persons and any employees or agents (including counsel) designated by or directed by such person, be, and each hereby is, authorized and empowered to cause the Company, on its own behalf and on behalf of the Subsidiary, and such of its affiliates as management deems appropriate to enter into, execute, deliver, certify, file, record, and perform under such documents, and to take such other actions, as in the judgment of such person shall be or become necessary, proper, and desirable to prosecute to a successful completion of the Chapter 11 Case, to effectuate the restructuring of the Company's and the Subsidiary's debt, other obligations, organizational form and structure, and ownership of the Company and the Subsidiary consistent with the foregoing resolutions, and to carry out and put into effect the purposes of the foregoing resolutions, and the transactions contemplated by these resolutions, their authority thereunto to be evidenced by the taking of such actions; and it be further

RESOLVED, that in addition to the specific authorizations heretofore conferred upon the Authorized Persons, each of the Authorized Persons or their designees shall be, and each of them, acting alone, hereby is, authorized, directed and empowered, in the name of and on behalf of the Company, on its own behalf and on behalf of the Subsidiary, to take or cause to be taken any and all such further actions, to execute and deliver any and all such agreements, certificates, instruments and other documents and to pay all expenses, including filing fees, in each case as in such Authorized Person's or Authorized Persons' judgment shall be necessary or desirable in order to fully carry out the intent and accomplish the purposes of the resolutions adopted herein; and it be further

RESOLVED, that any and all acts taken and any and all certificates, instruments, agreements or other documents executed for or on behalf of the Company, on its own behalf and on behalf of the Subsidiary, by any Authorized Person prior to the adoption of the foregoing resolutions with regard to any of the transactions, actions, certificates, instruments, agreements or other documents authorized or approved by the foregoing resolutions be, and they hereby are, ratified, confirmed, adopted and approved.

This Unanimous Written Consent may be executed in one or more counterparts.

[Signature page follows]

IN WITNESS WHEREOF, each of the undersigned has executed this Unanimous Written Consent on the applicable date set forth below.

_F. Richter_____
Name:  Franz Richter
Date:  June 24, 2025

_____
Name:  Alex Zyngier
Date: June 24, 2025

_Richard Miller_____
Name:  Richard Miller
Date: June 24, 2025

| **Fill in this information to identify the case:** |
|---|
| Debtor name: Meyer Burger (Americas) Ltd. |
| United States Bankruptcy Court for the: District of Delaware (State) |
| Case number (*If known*): _____ |

☐ Check if this is an amended filing

Official Form 204

# Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders   12/15

A list of creditors holding the 20 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 20 largest unsecured claims.

*Consolidated List for all Debtors

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | Ingka Investments<br>1155 Perimeter Center West, Atlanta, Georgia 30338, US | Attn.: Christian Smith<br>Email: christian.smith@ingka.com | Prepaid Deposit | Unliquidated and Disputed | | | $67,000,000 |
| 2 | US Customs and Border Protection<br>1300 Pennsylvania Avenue N.W., MS: 1345, Washington, DC 20229, US | Attn.: Angela Murray<br>Phone: 1 (877) 227-5511<br>Email: delinquentdebts@cbp.dhs.gov | Import Duties | Unliquidated and Disputed | | | $5,118,223.48 |
| 3 | Amcor Flexibles Transpac Ottergemsesteenweg ZUID 801, 9000 Gent, BE | Attn.: Geert Smesman<br>Phone: + 00 32-92408305<br>Email: geert.smesman@amcor.com | Trade | Unliquidated and Disputed | | | $798,091.92 |
| 4 | Amphenol Industrial Opera<br>20 Valley St, Endicott, NY 13760, US | Attn.: Matt Brodowski<br>Phone: (607) 242-2498<br>Email: mbrodowski@amphenol-aio.com | Trade | Unliquidated and Disputed | | | $710,765 |
| 5 | Vinson & Elkins LLP<br>845 Texas St Ste 4700, Houston, TX 77002, US | Attn.: Michael Bielby<br>Phone: 1 (713) 758-2222<br>Email: mbielby@velaw.com | Professional Services | Unliquidated and Disputed | | | $534,381.88 |
| 6 | AOK Freight LLC<br>13851 W 63rd St # 377, Shawnee, KS 62216, US | Attn.: Jeff Dangelo<br>Phone: (513) 623-4249<br>Email: jeff@fura.com | Trade | Unliquidated and Disputed | | | $377,350 |

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 7 | Shinyang Metal Việt Nam Đại An Expansion IZ, Lai Cách, Hải Dương, VN | Attn.: MinSoo, Chun / President Phone: + 84 (934) 326-400; + 84 (220) 3559-858 Email: mschun@shin-yang.com | Trade | Unliquidated and Disputed | | | $300,450.26 |
| 8 | Dow Silicones Corporation 2200 West Salzburg Road, Midland, MI 48686, US | Attn.: Dallas Longstreth Phone: (989) 636-0260 Email: dlongstreth@dow.com | Trade | Unliquidated and Disputed | | | $215,316.75 |
| 9 | Mrkt Logistics LLC 310 South 67th Ave, Phoenix, AZ 85043, US | Attn.: Thomas Clayton Phone: (844) 966-6758 Email: tj.clayton@mrktfreight.com; Accountpayable@mrktfreight.com | Trade | Unliquidated and Disputed | | | $205,542 |
| 10 | Homewood Suites 11450 W Hilton Way, Avondale, AZ 85323, US | Attn.: Jason Rutherford Phone: (623) 882.3315 Email: jason.rutherford@hilton.com | Trade | Unliquidated and Disputed | | | $196,435 |
| 11 | Pallet Management Solutions 17932 W San Miguel Ave, Litchfield Park, AZ 85340, US | Attn.: Christopher Raya Phone: (602) 618-9400; (480) 604-6373 Email: chris@pmspallets.com | Trade | Unliquidated and Disputed | | | $142,218 |
| 12 | FMT Flexible Montagetechn An der Hopfendarre 11, 09212 Limbach-Oberfrohna -Verwaltung- Daimler Str. 23 71404 Korb, DE | Attn.: Rita Schäfer-Gieselmann Phone: 07151/3005-146 Email: r.gieselmann@urt-utz.de | Trade | Unliquidated and Disputed | | | $142,123.14 |
| 13 | Schrader Mechanical Inc. 1015 Black Diamond Way, Lodi, CA 95240, US | Attn.: Desiree Nicol Phone: (209) 369-6888 Email: Desiree.N@smiwest.com | Interest/ Late Fees | Unliquidated and Disputed | | | $137,975.63 |
| 14 | Protecpac 5320 W Buckeye Rd, Phoenix, AZ 85043, US | Attn.: Evelin Bujanda-Acosta Phone: (602) 269-5000 Email: Evelin.Bujanda@protecpac.com | Trade | Unliquidated and Disputed | | | $135,709 |
| 15 | Commerzbank AG Theodor-Heuss-Allee 50, Frankfurt am Main, DE | Attn.: Andreas Kappenberg Phone: +49 40 3683 2471 Email: Andreas.Kappenberg@commerzbank.com; FKS-Dresden@commerzbank.com | Trade | Unliquidated and Disputed | | | $131,890.24 |
| 16 | Pasan SA Rue Jaquet-Droz 8, 2000 Neuchâtel CH | Phone: +41 32 391 16 00 Email: info@pasan.ch | Insurance Claim | Contingent, Unliquidated and Disputed | | | $100,231.53 |
| 17 | Synergy West LLC 4020 S 15th Ave, Phoenix, AZ 85041, US | Attn.: Angela Pinto Phone: (978) 501-2377 Email: Angela@synergywastegroup.com; accounting@synergywastegroup.com | Trade | Unliquidated and Disputed | | | $81,438.98 |

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim  If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 18 | Mondragon Assembly Pol.Ind. Bainetxe Pab 5A, 20550 ARETXABALETA (Gipuzkoa), ES | Attn.: Oscar Macias Phone: +34 647 42 04 33 Email: o.macias@mondragon-assembly.co | Trade | Unliquidated and Disputed | | | $81,259.95 |
| 19 | PriceWaterhouseCoppers LLP Birchstrasse 160 8050 Zurich, CH | Attn.: Simon Hux Phone: + 41 58 792 6876 Email: simon.hux@pwc.ch | Professional Services | Unliquidated and Disputed | | | $79,635.79 |
| 20 | Hisco Inc 6650 Concord Park Dr, Houston, TX 77040, US | Attn.: Ranjith Raja Phone: (713) 934-1600;  (480) 330-7294 Email: ranjith.raja@testequity.onmicrosoft.com; acctr@hiscoinc.com | Trade | Unliquidated and Disputed | | | $69,563.16 |

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>MEYER BURGER (HOLDING) CORP., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 25-_____ (\_\_\_)<br><br>(Joint Administration Requested) |

## CONSOLIDATED STATEMENT OF CORPORATE OWNERSHIP

Pursuant to rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure, Meyer Burger (Holding) Corp. ("**Meyer Burger**") and its affiliated debtors and debtors in possession (the "**Debtors**") respectfully represents as follows:

- Meyer Burger (Switzerland) AG owns 100% of the equity interests in Meyer Burger

- Meyer Burger owns 100% of the membership interests in Meyer Burger (Arizona) LLC

- Meyer Burger (Arizona) LLC owns 100% of the equity interests in Meyer Burger (Americas) Ltd.

- Meyer Burger (Americas) Ltd. owns 100% of the membership interests in Meyer Burger (Americas) Lease Co., LLC

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number are: Meyer Burger (Holding) Corp. (6127), Meyer Burger (Arizona) LLC (7456), Meyer Burger (Americas) Ltd. (8027), and Meyer Burger (Americas) Lease Co., LLC (4900). The location of the Debtors' service address for purposes of these chapter 11 cases is: 1685 S Litchfield Rd, Goodyear, Arizona 85338.

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>MEYER BURGER (AMERICAS) LTD.,<br><br>Debtor. | Chapter 11<br><br>Case No. 25-_____ (___)<br><br>(Joint Administration Requested) |

**LIST OF EQUITY HOLDERS[1]**

Pursuant to rule 1007(a)(3) of the Federal Rules of Bankruptcy Procedure, the following identifies all holders having a direct ownership interest in the above-captioned debtor and debtor in possession:

| Name and Last Known Address or Place of Business of Holder | Kind/Class of Interest | Percentage of Interests Held |
|---|---|---|
| Meyer Burger (Arizona) LLC<br>1685 S. Litchfield Road,<br>Goodyear, Arizona 85338 | Equity Interest | 100% |

---

[1] This list serves as the disclosure required to be made by the debtor pursuant to rule 1007 of the Federal Rules of Bankruptcy Procedure. All equity positions listed are as of the date of commencement of the chapter 11 case.

**Fill in this information to identify the case:**

Debtor name: Meyer Burger (Americas) Ltd.

United States Bankruptcy Court for the: District of Delaware (State)

Case number (*If known*): _____

# Official Form 202
## Declaration Under Penalty of Perjury for Non-Individual Debtors   12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

**WARNING – Bankruptcy fraud is a serious crime.** Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

- ☐ Schedule A/B: Assets–Real and Personal Property (Official Form 206A/B)
- ☐ Schedule D: Creditors Who Have Claims Secured by Property (Official Form 206D)
- ☐ Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 206E/F)
- ☐ Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G)
- ☐ Schedule H: Codebtors (Official Form 206H)
- ☐ Summary of Assets and Liabilities for Non-Individuals (Official Form 206Sum)
- ☐ Amended Schedule ____
- ✓ Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders (Official Form 204)
- ✓ Other documents that require a declaration **List of Equity Holders & Statement of Corporate Ownership**

I declare under penalty of perjury that the foregoing is true and correct.

Executed on 06/25/2025
MM / DD / YYYY

X  /s/ Justin D. Pugh
Signature of individual signing on behalf of debtor

Justin D. Pugh
Printed name

Chief Restructuring Officer
Position or relationship to debtor